MELINDA HAAG
United States Attorney
MIRANDA KANE
Chief, Criminal Division
MATTHEW J. KLUGE
Trial Attorney, Tax Division
MICHAEL G. PITMAN
Assistant United States Attorney, Tax Division
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone:    (415) 436-6475
Facsimile:    (415) 436-7009

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DUFFY R. DASHNER, a/k/a KEVIN DASHNER, and<br>MARK R. MANESS,<br><br>    Defendants. | Criminal No. 3:12-cr-646-SI<br><br>GOVERNMENT'S MOTION FOR ORDER AUTHORIZING DISCLOSURE OF TAXPAYER RETURN INFORMATION AND PROTECTIVE ORDER |

Plaintiff United States of America, by and through its counsel of record, hereby respectfully moves the Court for an Order allowing the government to make disclosure of taxpayer return information pursuant to 26 U.S.C. § 6103(h)(4)(D), in order for the government to comply with its obligations pursuant to 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland* and its progeny. The United States further moves the Court to enter a protective order in this case. As grounds for this motion, the government states as follows:

1.  On August 28, 2012, a federal grand jury in the Northern District of California returned an Indictment alleging that defendant DUFFY R. DASHNER, a/k/a KEVIN DASHNER conspired to submit false claims to the government in violation of 26 U.S.C. § 286, and aided and assisted in the presentation of a false income tax return in violation of 26 U.S.C. § 7206(2), and that defendant MARK R. MANESS conspired to submit false claims to the government in violation of 26 U.S.C. § 286.

2.  Title 26, United States Code, Section 6103 generally prohibits, with certain exceptions, the disclosure of tax "return or return information."

3.  Title 26, United States Code, Sections 6103(b)(1) and 6103(b)(2) define "return" and "return information" broadly to include, inter alia, all tax and information returns filed pursuant to Title 26 and any information regarding a taxpayer's identity, the nature and source of a taxpayer's income and expenses, tax liability, tax deficiency, tax payments, and "any other data, received by, recorded by, prepared by, furnished to, or collected by" the Secretary of the Treasury.

4.  Title 26, United States Code, Section 6103(b)(3) defines "taxpayer return information" as "return information" that is filed with or furnished to the Secretary of the Treasury by or on behalf of the taxpayer to whom the return information relates.

5.  Tax returns and return information may be disclosed in a federal proceeding pertaining to tax administration "to the extent required by an order of a court pursuant to Section 3500 of Title 18, United States Code, or Rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such an order to give due consideration to congressional policy favoring the confidentiality of returns and return information. . . ." 26 U.S.C. § 6103(h)(4)(D).

GOVERNMENT'S MOTION FOR ORDER
AUTHORIZING DISCLOSURE OF TAXPAYER
RETURN INFORMATION AND PROTECTIVE ORDER
CRIMINAL NO. 3:12-cr-646-SI

2

6. The pending criminal case is a federal judicial proceeding pertaining to tax administration within the meaning of Title 26, United States Code, Section 6103(h)(4). *See* 26 U.S.C. § 6103(b)(4) (defining "tax administration").

7. The government alleges in the Indictment that defendants DASHNER and MANESS conspired to defraud the United States by obtaining and aiding to obtain the payment or allowance of false, fictitious, and fraudulent claims through the preparation and presentation of U.S. Individual Income Tax Returns on behalf of clients which claimed fraudulent Original Issue Discount interest income and federal tax withholdings. The government further alleges that clients of defendants DASHNER and MANESS filed approximately 200 fraudulent U.S. Individual Income Tax Returns requesting fraudulent refunds totaling approximately $228 million. The government further alleges that defendant DASHNER willfully aided and assisted in the preparation and presentation of two materially false and fraudulent U.S. Individual Income Tax Returns.

8. The evidence gathered during the investigation includes numerous Forms 1040, U.S. Individual Income Tax Returns, as well as numerous Forms 1099-A and 1099-OID prepared and filed on behalf of clients of defendants DASHNER and MANESS. In addition, numerous interviews of clients of defendants DASHNER and MANESS contain discussions of the client's tax return, sources of income, filing history, tax deficiency, and other tax-related matters. The documentary evidence and witness interviews, therefore, contain information that falls within the meaning of "return" and "return information" as defined by 26 U.S.C. § 6103(b)(1) and (2). The government is likely to exhibit these returns during its case in chief. Additionally, these tax returns and return information are material to the preparation of the defense.

GOVERNMENT'S MOTION FOR ORDER
AUTHORIZING DISCLOSURE OF TAXPAYER
RETURN INFORMATION AND PROTECTIVE ORDER
CRIMINAL NO. 3:12-CR-646-SI

3

9. The government now seeks to disclose to defendants DASHNER and MANESS "returns" and "return information" to satisfy the government's obligations under 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland* and its progeny.

10. Furthermore, during the course of the investigation the government obtained, among other records, federal income tax returns, IRS transcripts of account, bank account records, and other financial records regarding defendants DASHNER and MANESS, and other individuals. These records contain personal and financial information about those individuals, including home addresses, Social Security numbers, bank account data, and dates of birth.

11. The government intends to produce this material in discovery to defendants DASHNER and MANESS. All materials that the government produces to the defense are solely for the use of the defendants, their attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for trial in this case. The government seeks a protective order to prevent the unauthorized dissemination, distribution, or use of materials containing the personal and financial information of others.

WHEREFORE, the United States moves this Court for an Order:

1. Authorizing the disclosure pursuant to 26 U.S.C. § 6103(h)(4)(D) of the "returns" and "return information" gathered during the course of this investigation; and

2 Prohibiting, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the unauthorized dissemination of any personal or financial information of others disclosed by the government in connection with this matter.

GOVERNMENT'S MOTION FOR ORDER
AUTHORIZING DISCLOSURE OF TAXPAYER
RETURN INFORMATION AND PROTECTIVE ORDER
CRIMINAL NO. 3:12-CR-646-SI

4

```
                                    Respectfully submitted,

                                    MELINDA HAAG
                                    United States Attorney

                                    s/ Michael G. Pitman
                                    MICHAEL G. PITMAN
                                    Assistant United States Attorney, Tax Division

                                    Attorneys for United States of America
```

MELINDA HAAG
United States Attorney
MIRANDA KANE
Chief, Criminal Division
MATTHEW J. KLUGE
Trial Attorney, Tax Division
MICHAEL G. PITMAN
Assistant United States Attorney, Tax Division
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone:   (415) 436-6475
Facsimile:    (415) 436-7009

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DUFFY R. DASHNER, a/k/a KEVIN DASHNER, and<br>MARK R. MANESS,<br><br>　　　　Defendants. | Criminal No. 3:12-cr-646-SI<br><br>[PROPOSED] ORDER |

　　　　Upon motion by the government and for good cause shown, IT IS HEREBY ORDERED THAT the government, pursuant to Title 26, United States Code, Section 6103(h)(4)(D), may disclose to defendants DASHNER and MANESS, and their attorneys, the "returns" and "return information" gathered during the course of the investigation of defendants DASHNER and MANESS in order to satisfy its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and *Brady v. Maryland* and its progeny.  For purposes of this Order, "return" and "return information" shall be defined as set forth in Title 26, United States

Code, Section 6103.

       IT IS FURTHER ORDERED that:

1. Defendants, their attorneys, and all other individuals or entities assisting defendants who receive materials in connection with this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

2. Defendants, their attorneys, and all other individuals or entities who receive materials in connection with this case, shall maintain all materials in a manner consistent with the terms of this Order. Materials produced to the defense shall be stored in a secure manner in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

3. Defendants and their attorneys are required to give a copy of this Order to all individuals or entities engaged or consulted by the defense in preparation for trial in this case. A violation of this Order by Defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

4. Within 90 days of the conclusion of this case, including all related appeals, all documents produced pursuant to this Order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office. Alternatively, the defendants, or their attorneys may inform the United States Attorney's Office in writing that all such copies have been destroyed.

5. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution.

IT IS SO ORDERED.

Date: 10/31/12

_____
Hon. Susan Illston
United States District Judge