MARK ROSENBUSH
Attorney at Law (CSB 72436)
214 Duboce Ave.
San Francisco, CA 94103
Tel: (415) 861-3555
Fax: (415) 255-8631

Attorneys for Defendant
MARK MANESS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-12-0646 SI |
| Plaintiff, | ) | **RESPONSE TO *EX PARTE* MOTION; DECLARATION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | ) | |
| MARK MANESS, | ) | |
| Defendant. | ) | Court: Hon. Susan Illston |

Defendant MARK MANESS hereby objects to the government's pleading styled "Notice of Government's Proposed Procedures for Review of Potentially Privileged Documents" (Document #52) and the proposed order filed therewith (Document #53).  Defendant Maness objects on the bases that the "Notice" is actually an improperly filed *ex parte* motion concerning a contested matter, and the government has not provided the Court or Mr. Maness with an evidentiary basis sufficient for the Court to rule on the lawfulness of the government's proposed procedures for reviewing materials subject to attorney-client privilege.

DATED: May 22, 2013.                                  Respectfully Submitted,

                                                        /s/ Mark Rosenbush
                                                        MARK ROSENBUSH
                                                        Attorney for Defendant
                                                        MARK MANESS

**DECLARATION OF COUNSEL**

I, Mark Rosenbush, hereby declare:

I am an attorney duly licensed to practice law in this district and before this Court.  I am counsel for defendant MARK MANESS in the above captioned case.

On or about May 16, 2013, the government delivered to me an internal hard drive containing a "mirror image", and a forensic image, of a hard drive that includes a file system and various substantive files apparently used by defendant Maness at some point in time.

Based on my telephone conversations with counsel for the government and the government's recent filings, it is my understanding that the files on an internal hard drive delivered to me were seized during a search of Mr. Maness' home at 434 East Park Drive, Spartanburg, South Carolina on May 9, 2013.  The hard drive had to be returned to the government because it was not delivered in a manner requested by defense counsel (to be consistent with CJA funding procedures).  The government has agreed to re-provide the materials on an external hard drive supplied by defense counsel.  I have not yet received the those files.  I have asked counsel for the government for discovery concerning this search, but counsel has declined to disclose anything other than the contents of the hard drive, citing "ongoing investigation" as the basis for the government's refusal.

I have not been provided an inventory from the search, the underlying search warrant documents, any reports regarding the execution of the search, or any reports of interviews of witnesses related to, or those present during, the search.  In addition, I am aware that over the past week, government agents have been interviewing a number of Mr. Maness' relatives and friends about Mr. Maness' conduct following his arrest (related to this search), but I have not been provided any reports concerning these interviews.

I am informed and believe that when they served the search warrant at Mr. Maness' house, the agents detained Mr. Maness at gunpoint and asked him questions.  However, I have not yet been provided with any discovery about any statements Mr. Maness might have made.

//

//

1    I hereby declare, under penalty of perjury under the laws of the United States, that the foregoing

2    is true to the best of my knowledge and belief.  Executed this 22nd day of May, 2013, at San Francisco,

3    California.

4

5                                   ___/s/ Mark Rosenbush___

6                                   MARK ROSENBUSH
                                    Attorney for Defendant
                                    MARK MANESS

7

8                      **MEMORANDUM OF POINTS AND AUTHORITIES**

9    To begin, the government has not provided any authority as to why it should be allowed to make

10   its motion *ex parte*.  Northern District Criminal Local Rule 47-3(b)(1) requires that a party seeking to

11   make a motion on an *ex parte* basis must provide "a citation to the rule or order which permits use of an

12   *ex parte* motion to obtain the relief sought."  The government plainly has not done so here.  The local

13   rules for this judicial district require that a noticed motion be filed and served 14 days prior to a

14   specially set hearing date.  See Crim. Local Rule 47-2(a).  Obviously, the government's motion has not

15   been set in the manner required by the local rules and, more importantly, does not provide adequate

16   time for Mr. Maness to file a responsive brief after he has received discovery regarding the search at

17   issue.

18   In addition, the government's motion appears to be an improper request for declaratory relief

19   concerning the search the government conducted at defendant Maness' house.  The proposed order the

20   government has submitted includes a finding that "the United States has demonstrated adequate need

21   for the approval of the proposed review procedures," and that the "Government's review procedures

22   are approved."  At this point, before either the Court or defendant Maness has reviewed the search

23   warrant materials, Mr. Maness submits that the Court cannot make any sort of informed judgment as to

24   whether the government's actions effectively protected Mr. Maness' Fourth, Fifth and Sixth

25   Amendment rights.  Once he receives discovery regarding the authorization and execution of the search,

26   Mr. Maness may well seek to raise substantive objections to the manner in which the government seized

27   various items (notably, correspondence between him and his counsel, or items prepared by Mr. Maness

28   specifically for counsel), as well as the agents' questioning of Mr. Maness while he was represented by

counsel.  The lawfulness of the search and questioning of a defendant represented by counsel may well

1 │ become a matter of controversy between Mr. Maness and the government, so at this stage the Court

2 │ should not issue any sort of ruling approving the government's actions.

3 │     As the Sixth Circuit has noted,

> taint teams present inevitable, and reasonably foreseeable, risks to privilege, for they have been implicated in the past in leaks of confidential information to prosecutors. That is to say, the government taint team may also have an interest in preserving the privilege, but it also possesses a conflicting interest in pursuing the investigation, and, human nature being what it is, occasionally some taint team attorneys will make mistakes or violate their ethical obligations. It is thus logical to suppose that taint teams pose a serious risk to holders of the privilege, and this supposition is supported by past experience.

*In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006); *see also United States v. Neill*, 952 F.Supp. 834 (D.D.C. 1997)(criticizing use of government "taint teams" to review attorney-client privileged documents, but finding no violation of defendant's constitutional rights where the government demonstrated at an evidentiary hearing that the taint team properly performed its functions.)

    Because the government has not provided the defense or the Court with any of the search warrant documents, it is not possible to discern whether the government's search was intended or was reasonably likely to invade Mr. Maness' attorney client privilege, or whether the search was reasonable under the Fourth Amendment in light of the manner in which the search was carried out.  Cf. *United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d 1027 (D.Nev. 2006)(approving review by DOJ counsel because the search warrant "was directed at seizing non-privileged business records," and "during the search, taint agents reviewed documents in offices identified by SDI as containing privileged documents.")

    Until such time as the government provides the Court and Mr. Maness with evidence concerning what was authorized, how the search was carried out and what steps the government took to protect Mr. Maness' rights, the Court cannot properly assess the lawfulness of the government's actions. Simply stated, without further information, Mr. Maness contends the Court is not in position to "approve" the government's proposed procedures for reviewing potentially privileged materials.

//

//

## CONCLUSION

Mr. Maness respectfully submits that the Court should strike the government's motion and decline to issue the proposed order.


Dated: May 22, 2013.                                    Respectfully Submitted,

   /s/ Mark Rosenbush

MARK ROSENBUSH
Attorney for Defendant
MARK MANESS