MELINDA HAAG
United States Attorney
MIRANDA KANE
Chief, Criminal Division
MICHAEL G. PITMAN
Assistant United States Attorney
MATTHEW J. KLUGE
Tax Division Trial Attorney
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone:     (415) 436-6475
Facsimile:     (415) 436-7009

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DUFFY R. DASHNER, a/k/a KEVIN DASHNER, and <br> MARK R. MANESS <br><br> Defendants | No. CR 3:12-cr-646-SI <br><br> GOVERNMENT'S REPLY TO DEFENDANT MARK R. MANESS' RESPONSE TO NOTICE OF GOVERNMENT'S PROPOSED PROCEDURES FOR REVIEW OF POTENTIALLY PRIVILEGED DOCUMENTS |

The Notice of Government's Proposed Procedures for Review of Potentially Privileged Documents, filed on May 17, 2013 (Doc. # 52) (the "Notice"), was submitted to advise the Court of the Government's intent to implement proposed procedures for the review of potentially privileged documents which may have been seized in the execution of a search warrant at 434 East Park Drive, Spartanburg, South Carolina 29302, the residence of defendant MARK R. MANESS ("MANESS"), and to request the Court's approval of

those proposed procedures.[1]   The Notice also advised defendant MANESS of the proposed procedures, and provided an opportunity for defendant MANESS to raise his concerns, if any, with those procedures.  Defendant MANESS did so in his Response, filed on May 22, 2013 (Doc. # 53).  Specifically, defendant MANESS notes that there may be a dispute regarding the propriety of the search which produced the seized items which are the subject of the proposed procedures set forth in the Notice.  While this may true, it has no bearing on the issue at hand.  The Notice does not seek, or require, any adjudication of the propriety of the search.  Naturally, if defendant MANESS wishes to challenge the search there are avenues available to him, but such theoretical challenges to the propriety of the search are not a basis for rejecting the proposed procedures.  The Notice seeks simply to establish the procedures to be used in the review of documents which may be protected under the attorney-client privilege.

      Defendant MANESS' response only provides a blanket objection to any use of a taint team, citing two cases where courts have criticized the use of taint teams.  However, courts have routinely approved the use of taint teams.  For example, in <u>United States v. Grant</u>, the court approved the government proposed use of a taint team to conduct the initial review of documents seized pursuant to a search warrant executed post-indictment, and where the seized documents were anticipated to contain materials protected by the attorney-client privilege.  <u>United States v. Grant</u>, No. 04-cr-207BSJ, 2004 WL 1171258, at **1,3 (S.D.N.Y. May 25, 2004).  Additionally, in <u>Hicks v. Bush</u>, the court reviewed and authorized the government's proposed use of a filter team, also known as a taint team, to review impounded materials that may be potentially subject to the attorney-client privilege.  <u>Hicks v. Bush</u>, 452 F.Supp.2d 88, 103  (D.D.C. 2006).  Moreover, defendant MANESS proposes no alternative procedures for how the materials seized pursuant to the search warrant be reviewed so that the attorney-client privilege is respected.  Accordingly,

---

[1] Prior to filing the Notice, the Government conferred with counsel for defendant MANESS and attempted to reach an agreement on the proposed taint review procedures.  The parties were not able to reach an agreement.

the United States respectfully requests that the Court approve the Government's proposed procedures.

DATE: May 31, 2013 Respectfully submitted,

MELINDA HAAG
United States Attorney

s/ Matthew J. Kluge
MATTHEW J. KLUGE
Trial Attorney, Tax Division

MICHAEL G. PITMAN
Assistant United States Attorney

ATTORNEYS FOR THE UNITED STATES