MELINDA HAAG
United States Attorney
J. DOUGLAS WILSON
Chief, Criminal Division
MATTHEW J. KLUGE
Trial Attorney, Tax Division
MICHAEL G. PITMAN
Assistant United States Attorney, Tax Division
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6475
Facsimile: (415) 436-7009

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUFFY R. DASHNER, a/k/a KEVIN DASHNER, and<br>MARK R. MANESS,<br><br>Defendants. | Criminal No. 3:12-cr-646-SI<br><br>GOVERNMENT'S EX PARTE MOTION FOR PERMISSION TO RELEASE GRAND JURY TRANSCRIPTS AND [P~~ROPOSE~~D] ORDER |

The United States of America, by and through its counsel of record, hereby respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 6(e), for an order authorizing the government to disclose grand jury transcripts to defense counsel, and states as follows in support:[1]

Rule 6(e) codifies the traditional rule of grand jury secrecy by prohibiting members of the

---

[1] The government respectfully requests issuance of the order without a hearing as the government is permitted to file this motion *ex parte* pursuant to Fed. R. Crim. P. 6(e)(3)(F).

1  grand jury, government attorneys and their authorized assistants, and other grand jury personnel
2  from disclosing matters occurring before the grand jury, except as otherwise authorized.
3  However, Rule 6(e)(3)(E)(i) allows for Court-authorized disclosure of matters occurring before a
4  grand jury, when such disclosure is "preliminarily to or in connection with a judicial
5  proceeding." The Court's power to order disclosure is discretionary and may be exercised upon
6  a showing of need and a finding that disclosure is required by the ends of justice. *See United*
7  *States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). The Ninth Circuit has recognized the
8  significant policy considerations underlying the need for grand jury secrecy, *see United States v.*
9  *Fowlie*, 24 F.3d 1059, 1066 n.5 (9th Cir. 1994), but has also mandated that disclosure should be
10 liberally allowed when the traditional policies underlying grand jury secrecy are no longer
11 implicated. *See U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18, 21-22 (9th Cir.
12 1965).
13         In this case, the policy considerations requiring secrecy have little or no force because the
14 case has already been indicated. *See, e.g., In re William H. Pflaumer & Sons, Inc*., 53 F.R.D.
15 464, 470 (E.D. Pa. 1971) ("[O]nce a grand jury has concluded its work, the courts have, to some
16 degree, relaxed the secrecy principle."). Moreover, there are potentially countervailing
17 considerations weighing in favor of disclosure, including the requirements of Fed. R. Crim. P.
18 16(a)(1), the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. Disclosure of the grand
19 jury transcripts at this time is in the interest of justice because it will permit counsel for the
20 defendants to have Jencks Act material well in advance of trial.
21 //
22 //
23 //
24 //

GOVERNMENT'S EX PARTE MOTION FOR
PERMISSION TO RELEASE GRAND JURY
TRANSCRIPTS AND [PROPOSED] ORDER
CRIMINAL NO. 3:12-CR-646-SI

2

WHEREFORE, the government hereby respectfully requests that the Court issue the attached order authorizing the attorneys for the government to disclose to defense counsel transcripts of grand jury testimony obtained during the course of this investigation.

Respectfully submitted,

MELINDA HAAG
United States Attorney

s/ Michael G. Pitman
MATTHEW J. KLUGE
Trial Attorney, Tax Division
MICHAEL G. PITMAN
Assistant United States Attorney, Tax Division

Attorneys for United States of America

[PROPOSED] ORDER

Pursuant to the Government's Ex Parte Motion for Permission to Release Grand Jury Transcripts, and for good cause shown therein, it is hereby ORDERED that the United States is authorized to disclose to the defense grand jury transcripts obtained during the course of its investigation of the above-captioned case.

SO ORDERED this __2ND__ day of __JULY__, 2013.

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

GOVERNMENT'S EX PARTE MOTION FOR
PERMISSION TO RELEASE GRAND JURY
TRANSCRIPTS AND [PROPOSED] ORDER
CRIMINAL NO. 3:12-CR-646-SI

3